**In re Alake JOHNSON–FORD, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–270.**

District of Columbia Court of Appeals.

Submitted Dec. 6, 1999.

Decided Feb. 10, 2000.

Before SCHWELB and REID, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

This disciplinary matter comes before us on the Report and Recommendation of the Board on Professional Responsibility (the Board) that respondent be disbarred and ordered to pay restitution. Bar Counsel has taken no exception to the Board's recommendation. Respondent failed to appear before the Hearing Committee, either personally or through counsel, and never filed any objections to the findings or recommendations of the Hearing Committee.

The allegations against respondent included many violations of the Rules of Professional Conduct. Respondent was found to be guilty of the following: misappropriation and commingling (Rule 1.15(a) and 1.17(a)), dishonest and criminal conduct (Rule 8.4(c)), failure to deliver funds (Rule 1.15(b)), failure to preserve disputed funds (Rule 1.15(c)), failure to represent clients zealously (Rule 1.3(a)), failure to disclose status of work (Rule 1.4(a)), and failure to protect client interests upon termination (Rule 1.16(d)).

■ "[I]n virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence." *In re Addams*, 579 A.2d 190, 191 (D.C.1990) (en banc). Here, respondent not only committed five (5) separate acts of intentional misappropriation, but in addition engaged in several other acts of dishonesty and deceit toward her clients. Respondent's inappropriate conduct included forgery of signatures, insertion of an unauthorized payee, and alteration of the purchaser on money orders. Each of the five counts in Bar Counsel's petition involved individual clients who trusted respondent with their money and in each count respondent was found to have violated this trust by using the funds for personal reasons.

■ While it is important to evaluate the mitigating factors before accepting the

Board's recommendation of disbarment, there do not appear to be any in this case. Such mitigating factors include the absence of prior discipline, admission of wrongdoing, cooperation with Bar Counsel and restitution to the client. *See In re Reback,* 513 A.2d 226, 233 (D.C.1986). Respondent never admitted any wrongdoing. Further, respondent failed to accept service of process at either her home or business address, and she did not participate in the pre-hearing conference or the committee hearing. The only response that the Board received from respondent was unsworn documents which contain forged signatures and altered information. To date, the clients have not been reimbursed for the money that was taken from them by respondent.

On review we are required to "accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). *See In re Morris,* 495 A.2d 1162, 1163 (D.C.1985), *cert denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). Our deferential standard of review is even more limited when the attorney makes no objection to the Board's proposed sanction. *See, e.g., In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995). We accept the Board's factual findings and adopt its recommended disposition. There is substantial evidence which supports the Board's findings in this matter. Accordingly, it is

ORDERED that Alake Johnson–Ford shall be disbarred from the practice of law in the District of Columbia effective thirty days from the date of this opinion and be ordered to pay restitution as a condition of reinstatement.

*So ordered.*